IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC WACHTER, #M12656, | |
| Plaintiff, | Case No. 23-cv-02428-SPM |
| v. | |
| DIRECTOR OF IDOC, and DANIEL MONTE, *Warden of Centralia*, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Marc Wachter, an inmate of the Illinois Department of Corrections who is currently incarcerated at Centralia Illinois Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA). He seeks injunctive relief. Prior to the Court reviewing the Complaint, Plaintiff timely filed an Amended Complaint that is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE AMENDED COMPLAINT

Plaintiff states he was diagnosed with autism in July 2020. (Doc. 13, p. 23). The condition affects his ability to communicate and to learn, his motor functions, sleeping, and working. His autism impacts every aspect of his life. (*Id.*). Since his diagnosis, Plaintiff states he has been denied treatment and services, not just for autism but also for his mental health. (*Id.* at p. 23-24). He has

also been fired from prison employment because of his symptoms. (*Id.* at p. 23).

Because he is autistic, Plaintiff is housed in a single cell without a cellmate. (Doc. 13, p. 25). On July 5, 2023, Plaintiff was told that he would be housed with a cellmate. Plaintiff tried to explain his diagnosis and was wrongly told that medical "has no say in security. They only suggest." Plaintiff was then forced to refuse housing to avoid being celled with another inmate. He began packing his property to be moved, and a correctional officer started calling Plaintiff derogatory names, berating him, and yelling. (*Id.* at p. 26). The correctional officer then blocked Plaintiff's path. Plaintiff had a panic attack.

## DISCUSSION

Based on the allegations and Plaintiff's description of his claims, the Court delineates the followings counts:

> **Count 1:** ADA/RA claim for denying Plaintiff medical and mental health treatment and services for his autism.
>
> **Count 2:** ADA/RA claim for double celling Plaintiff despite his autism diagnosis.
>
> **Count 3:** ADA/RA claim for mistreatment by a correctional officer on July 5, 2023.
>
> **Count 4:** Eighth Amendment claim for denying Plaintiff medical and mental health treatment for his autism.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Counts 1, 2, and 3**

Under the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act ("RA") likewise prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis under the ADA and the RA is the same, except that the RA includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Jaros v. Ill. Dep't of Corr.*, 685 F.3d 667, 671 (7th Cir. 2012)(citing 29 U.S.C. § 705(2)(B)). Discrimination under both includes the failure to accommodate a disability. *Jaros,* 684 F.3d at 672 (citation omitted).

Count 1 will be dismissed. Plaintiff states in a conclusory fashion that he has been "denied treatment and services for autism diagnosis." (Doc. 13, p. 24). To the extent he is claiming he is being denied medical and mental health treatment, this is not an ADA/RA claim. As Plaintiff has been advised, "A claim for inadequate medical treatment is improper under the ADA." *Wachter v. Meyers,* No. 22-cv-00577-SMY, 2022 WL 889084 (S.D. Ill. Mar. 25, 2022) (quoting *Resel v. Fox*, 26 F. App'x. 572, 577 (7th Cir. 2001). *See also Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."). A claim that Plaintiff has not been properly treated for a medical condition is distinctly different from a claim that he has been denied access to services or programs because he is disabled.

As for being denied the benefits of services, programs, or activities, Plaintiff only describes being fired from his prison jobs. (Doc. 13, p. 23). Neither the ADA nor the RA apply "to the employment of prisons." *Starry v. Oshkosh Corr. Inst.,* 731 F. App'x 517, 519 (7th Cir. 2018) (citing *Neisler v. Tuckwell,* 807 F. 3d 225, 228 (7th Cir. 2015); *Williams v. Meese,* 926 F. 2d 994

(10th Cir. 1991)). For these reasons, Count 1 is dismissed without prejudice.

Plaintiff has stated an ADA/RA claim for failure to accommodate his disability by celling him with another inmate. As the proper defendant is the agency or its director in his official capacity, Count 2 will proceed against the Director of IDOC and is dismissed as to Warden Monte. *See Jaros v. Ill. Dep't of Corrs,* 684 F.3d 667, 670 (7th Cir. 2012).

Count 3 is dismissed. The allegations that a single officer used derogatory verbal comments and treated Plaintiff in a rude and unprofessional manner on July 5, 2023, do not state a claim under the ADA or RA.

### Count 4

Count 4 will proceed against Warden Monte, in his official capacity. Plaintiff claims he is being denied medical and mental health treatment for his autism and seeks injunctive relief. *See Borkholder v. Lemmon,* 983 F. Supp. 2d 1013, 1018 (N.D. Ind. 2013) ("Unlike a claim for monetary damages, an official capacity claim for equitable relief does not require personal involvement by the defendant." (citing *Gonzalez v. Feinerman,* 663 F. 3d 311, 315 (7th Cir. 2011)).

### MOTION FOR HIPAA ORDER

Because Plaintiff's claims involve his medical care, the motion for a HIPAA Protective Order is **GRANTED.** (Doc. 14). The Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

### DISPOSITION

For the reasons states above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** is **DISMISSED without prejudice**. **COUNT 2** will proceed against the Director of IDOC in his or her official capacity but is dismissed as to Daniel Monte. **COUNT**

**3** is **DISMISSED without prejudice**. **COUNT 4** will proceed against Daniel Monte in his official capacity.

The Clerk of Court shall prepare for the Director of IDOC and Daniel Monte (both in their official capacities only) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

The Defendants are **ORDERED** to file an appropriate responsive pleading to the Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only needs to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:** February 5, 2024

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.