UNITED STATES DISTRICT COURT OF ILLINOIS
SOUTHERN DIVISION

| | |
|---|---|
| MARC WACHTER M12656 <br> LEONARD BADENHORST M16573 <br> BRYAN STEWART M48657 <br>   PLAINTIFFS PRO-SE <br> <br> VS <br> <br> LATOYA HUGHES <br> DANIEL MONTI <br> CHRISTINE VINEYARD <br> WEXFORD HEALTH SOURCES INC. | CASE # <br> 3:23-CV-02428-GCS <br> <br> <br> <br> JUDGE <br> <br> SISON |

PLAINTIFFS SECOND AMENDED COMPLAINT w/leave

I.    INTRODUCTION

THIS IS A CIVIL RIGHTS ACTION FILED BY MULTIPLE PLAINTIFFS MARC WACHTER, LEONARD BADENHORST, AND BRYAN STEWART, ALL ILLINOIS STATE PRISONERS FOR DAMAGES AND INJUNCTIVE RELIEF UNDER 42 USC#12101, 29 USC# 794, 42 USC #1983, 42 USC #1985, ALLEDGING; DENIAL OF ACCESS TO PROGRAMS, SERVICES AND ACTIVITIES AND THE BENEFITS AND PARTICIPATION IN THEM BY A PUBLIC ENTITY RECEIVING FEDERAL FUNDING. DENIAL OF MEDICAL CARE + U.S. CONST. 8TH AMEND. VIOLATION, AND CONSPIRACY TO DEPRIVE PERSONS OF RIGHTS OR PRIVILAGES, THE PLAINTIFFS ALSO ALLEDGE ILLINOIS STATE TORTS UNDER 735 ILCS 5/4-101.

II.    JURISDICTION

1) THIS COURT HAS JURISDICTION OVER THE PLAINTIFF'S CLAIMS OF VIOLATIONS OF FEDERAL CONSTITUTIONAL AND STATUTORY RIGHTS UNDER 42 USC ## 1331(i) AND 1343
2) THE COURT HAS SUPPLIMENTAL JURISDICTION OVER THE PLAINTIFF'S STATE LAW TORT CLAIMS UNDER 28 USC # 1367.

III.    PARTIES

3) PLAINTIFF I MARC WACHTER M12656 IS CURRENTLY HOUSED AT CENTRALIA CORR. CENTRE CENTRALIA, IL 62801 DURING ALL EVENTS ALLEDGED IN THIS COMPLAINT.

(1)

4) PLAINTIFF 2 LEONARD BADENHORST (A TRANSGENDER MALE TO FEMALE, PRONOUNS, SHE, HER, SAMANTHA) IS CURRENTLY HOUSED AT CENTRALIA CORR. CENTRE, CENTRALIA, IL 62801 DURING ALL EVENTS ALLEGED IN THIS COMPLAINT.

5) PLAINTIFF 3 BRYAN STEWART (A TRANSGENDER MALE TO FEMALE, PRONOUNS, SHE, HER, BRITTANY) IS CURRENTLY HOUSED AT CENTRALIA CORR CENTRE CENTRALIA, IL 62801

6) DEFENDANT 1 LATOYA HUGHES IS EMPLOYED AS THE ACTING DIRECTOR OF THE ILLINOIS DEPT OF CORRECTIONS P.O. BOX 19277, SPRINGFIELD, IL 62794-9277. DEFENDANT 1 WAS AN EMPLOYEE OF THE STATE OF ILL AT THE TIME THE CLAIMS ALLEDGED THIS COMPLAINT AROSE. DEFENDANT 1 IS SUED IN HER OFFICIAL CAPACITY UNDER 42 USC #12101 AND 29 USC #794.

7) DEFENDANT 2 DANIEL MONTI IS EMPLOYED AS THE WARDEN (CAO) OF CENTRALIA CORR. CENTRE 9330 SHATTUC RD CENTRALIA, IL 62801. DEFENDANT 2 WAS AN EMPLOYEE OF THE STATE OF ILL AT THE TIME THE CLAIMS ALLEDGED THIS COMPLAINT AROSE. DEFENDANT 2 IS SUED IN HIS OFFICIAL CAPACITY UNDER 42 USC #12101 AND 29 USC #794 AND 42 USC #1983 TO CARRY OUT INJUNCTIVE RELIEF AND HIS INDIVIDUAL CAPACITY UNDER 42 USC #1983 FOR PERSONAL INVOLVEMENT AND 42 USC #1985 FOR CONSPIRACY AND ILL TORTS OF TRESPASS. DEF 2 OPPERATED UNDER COLOR OF STATE LAW.

8) DEFENDANT 3 CHRISTINE VINEYARD IS EMPLOYED AS THE HEALTH CARE UNIT ADMINISTRATOR (HCUA) OF CENTRALIA CORR CENTRES HEALTH CARE UNIT AT 9330 SHATTUC RD CENTRALIA IL 62801. DEF 3 WAS EMPLOYEE OF THE STATE OF ILLINOIS AT THE TIME THE CLAIMS ALLEDGED THIS COMPLAINT AROSE. DEF 3 IS SUED IN HER INDIVIDUAL CAPACITY UNDER 42 USC #1983 FOR HER PERSONAL INVOLVEMENT, AND 42 USC #1985 CONSPIRACY AND ILL TORTS OF TRESPASS. DEF 3 OPPERATED UNDER COLOR OF STATE LAW

9) DEFENDANT 4 WEXFORD HEALTH SOURCES INC. IS CONTRACTED BY THE STATE OF ILLINOIS TO PROVIDE MEDICAL SERVICES FOR INMATES IN IDOC CUSTODY, INCLUDING CENTRALIA CORR CENTRE. WEXFORD HEALTH SOURCES INC 501 HOLIDAY DR PITTSBURG, PA _____. DEF 4 IS SUED AND WAS CONTRACTED TO THE STATE OF ILLINOIS AT THE TIME THE CLAIMS ALLEDGED THIS COMPLAINT AROSE. DEF 4 IS SUED IN THEIR INDIVIDUAL CAPACITY UNDER 42 USC #1983 AND OPPERATED UNDER COLOR OF STATE LAW.

(2)

## IV. PREVIOUS LAWSUITS

10) PLAINTIFF I HAS FILED PREVIOUS LAWSUITS.

SUITE 1:
A) PLAINTIFFS:
   MARC WACHTER M12656
   DEFENDANTS:
   ANESSA SHAW, SGT MATHIS
B) COURT: UNITED STATES DISTRICT COURT ILLINOIS SOUTHERN DIVISION.
C) DOCKET #: 3:21-CV-00855-SMY
D) JUDGE: STACY YANDLE
E) TYPE: 42 USC 1983 CIVIL RIGHTS VIOLATION
F) DISPOSITION: SETTLED

SUITE 2:
A) PLAINTIFFS
   MARC WACHTER M12656
   DEFENDANTS
   DR VIPIN SHAH.
B) COURT: UNITED STATES DISTRICT COURT ILLINOIS SOUTHERN DIVISION.
C) DOCKET #: 3:21-CV-01536-DWD
D) JUDGE: DAVID DUGAN
E) TYPE: 42 USC 1983 CIVIL RIGHTS VIOLATION
F) DISPOSITION: PENDING.

SUITE 3:
A) PLAINTIFFS
   MARC WACHTER M12656
   DEFENDANTS
   DR PERCY MYERS, TISH FINAY
B) COURT: UNITED STATES DISTRICT COURT ILLINOIS SOUTHERN DIVISION.
C) DOCKET #: 3:22-CV-00577-SMY
D) JUDGE: STACY YANDLE
E) TYPE: 42 USC 1983 CIVIL RIGHTS VIOLATION
F) DISPOSITION: JOINED TO CASE 3:21-CV-01536-DWD ON PLAINTIFFS MOTION FOR JOINDER.

SUITE 4
- A) PLAINTIFFS:
    MARC WACHTER M12656
  DEFENDANTS:
    KANE COUNTY DIAGNOSTIC CENTRE.
- B) COURT: 4th JUDICIAL CIRCUIT COURT CLINTON COUNTY ILL
- C) DOCKET: 2023 MR 4
- D) JUDGE: N/A
- E) TYPE: EQUITABLE SUITE.
- F) DISPOSITION: TRANSFERED VENUE TO KANE COUNTY ON DEFENDANTS MOTION.

SUITE 5:
- A) PLAINTIFFS:
    MARC WACHTER M12656
  DEFENDANTS:
    KANE COUNTY DIAGNOSTICS CENTRE
- B) COURT: KANE COUNTY CIRCUIT COURT OF ILL
- C) DOCKET: 2023 MR 198
- D) JUDGE: E FLOOD
- E) TYPE: EQUITABLE SUITE
- F) DISPOSITION: Pending. amendment.

SUITE 6:
- A) PLAINTIFFS
    MARC WACHTER M12656
  DEFENDANTS:
    STATE OF ILL
- B) COURT: ILL COURT OF CLAIMS
- C) DOCKET: 22 CC 0083
- D) JUDGE: YUSKEF
- E) TYPE: PROPERTY DAMAGE.
- F) DISPOSITION: PENDING.

SUITE 7:
  A) PLAINTIFFS
       MARC WACHTER M12656
     DEFENDANTS
       ANDREW NICKELS, STATE OF ILL
  B) COURT: UNITED STATES DISTRICT COURT OF ILLINOIS SOUTHERN DIVISION.
  C) DOCKET: 3:24-CV-01249-SPM
  D) JUDGE: STEPHEN MCGLYNN
  E) TYPE: 42 USC 1983 CIVIL RIGHTS, 42 USC 1985 CONSPIRACY 42 USC 12101 ADA
  F) DISPOSITION: pending merit review.

SUITE 7:
  A) PLAINTIFFS
       MARC WACHTER M12656
     DEFENDANTS
       ANDREW NICKELS, STATE OF ILL
  B) COURT: UNITED STATES DISTRICT COURT OF ILLINOIS NORTHERN DIVISION
  C) DOCKET:
  D) JUDGE:
  E) TYPE: 42 USC 1983 CIVIL RIGHTS, 42 USC 1985 CONSPIRACY 42 USC 12101 ADA
  F) DISPOSITION: pending merit review. THE SOUTHERN FILING WAS A MISTAKE BY THE CLERK.

SUITE 8:
  A) PLAINTIFFS:
       MARC WACHTER M12656
     DEFENDANTS:
       DANIEL MONTI WARDEN CENTRALIA CORR CENTRE.
  B) COURT: UNITED STATES DISTRICT COURT OF ILLINOIS NORTHERN DIVISION:
  C) DOCKET: 1:24-CV-7305
  D) JUDGE: BLAKEY
  E) TYPE: FEDERAL HABEAS CORPUS
  F) DISPOSITION: ILL AG ANSWERS DUE DEC 2ND 2024.

⑤

SUITE 9:
  A) PLAINTIFFS
       PEOPLE OF THE STATE OF ILLINOIS
     DEFENDANTS
       MARC WACHTER
  B) COURT: 16th JUDICIAL CIRCUIT COURT OF ILLINOIS
       DEKALB COUNTY
  C) DOCKET: 09 CF 250
  D) JUDGE: MARCI BUICK
  E) TYPE: POST-CONVICTION
  F) DISPOSITION: PENDING.

SUITE 10:
  A) PLAINTIFFS
       PEOPLE OF THE STATE OF ILLINOIS
     DEFENDANTS
       MARC WACHTER
  B) COURT: 23rd JUDICIAL CIRCUIT COURT OF ILLINOIS
       KENDALL COUNTY.
  C) DOCKET #: 09 CF 164
  D) JUDGE: ROBERT PILMER
  E) TYPE: POST-CONVICTION
  F) DISPOSISION: DENIED, APP 2nd DIST, ILL supreme court
       DENIED, THEN FED HABE

11) PLAINTIFF #2 HAS NO KNOWN PREVIOUS LAW SUITES.

12) PLAINTIFF #3 HAS 1 PREVIOUSLY FILED LAWSUITE.

  SUITE 1
    A) PLAINTIFFS
         BRYAN STEWART
       DEFENDANTS
         C/O JOHNSON
    B) COURT: UNITED STATES DISTRICT COURT OF ILLINOIS
         NORTHERN DIVISION.
    C) DOCKET: 3:23-CV-50,198
    D) JUDGE: PHILIP Reinhard.
    E) TYPE: 42 USC 1983 CIVIL RIGHTS VIOLATION
    F) DISPOSITION: PENDING

## V. GRIEVANCE PROCEDURE

13) PLAINTIFF 1 FILED GRIEVANCES # E22-4-65 AND A SECOND GRIEVANCE IN COMPLIANCE WITH PROTECTIVE CUSTODY ISSUES THAT WAS NEVER ADDRESSED (NO GRIEVANCE #.)

14) PLAINTIFF 1 FILED GRIEVANCES, APPEALED, AND APPEALED TO THE ARB E22-4-65 DENIED, 2ND NEVER ADDRESSED.

15) PLAINTIFF 2 FILED GRIEVANCE # _____ ON _____ ASKING FOR AUTISM SCREENING, DIAGNOSIS AND SERVICES, DENIED AT INSTITUTION, APPEALED AND PENDING.

16) PLAINTIFF 3 FILED GRIEVANCES K7-0924-1068E, K7-0924-971E, K7-0724-805E REQUESTING MEDICAL CARE AND ADA SERVICES, DENIED AT INSTITUTION, ARB PENDING.

17) PLAINTIFFS 1, 2, 3 ARE ALL PLEADING EXHAUSTION COMPLETED DUE TO REMEDIES UNAVAILABLE, IDOC CLAIMS NO JURISDICTION OVER ADA OR MEDICAL TREATMENT ARB OR HAS REFUSED TO RESPOND.

## VI. STATEMENT OF CLAIMS

18) COUNT 1: 42 USC §1985(3) CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS SECTION 3 DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES VIOLATION BY DEFENDANT DANIEL MONTI AND CHRISTINE VINEYARD.

19) STATEMENT OF CLAIMS FOR COUNT 1:

20) FROM THE BEGGINING OF DANIEL MONTI'S APPOINTMENT AS CAO WARDEN OF CENTRALIA CORR. CENTRE IN 2021 AND THE HIRING OF THE HEALTH CARE ADMINISTRATOR, CHRISTINE VINEYARD IN 2022, BOTH DANIEL MONTI AND CHRISTINE VINEYARD HAVE BEEN, AND ARE CONTINUING TO ORCHESTRATE A CHAIN CONSPIRACY TO DIRECTLY DEPRIVE PLAINTIFF MARC WACHTER, AND AFTER THEIR ARRIVAL, PLAINTIFF LEOLAND BADELHURST, AND PLAINTIFF BRYAN STEWART OF ACCESS TO MEDICAL EVALUATIONS, MEDICAL AND MENTAL HEALTH DIAGNOSIS AND TREATMENTS, AND ADA AND RA SERVICES AND ACCOMIDATIONS AFFORDED TO OTHER QUALIFIED CENTRALIA DISABLED, SIMILARLY SITUATED INMATES AT CENTRALIA CORR. CENTRE BECAUSE OF CIRCUMSTANCES SPECIFIC TO THEIR NEEDS IN VIOLATION OF THE EQUAL PROTECTION CLAUSE IN THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

21) DANIEL MONTI IMPLIED OR ORDERED CHRISTINE VINEYARD

(7)

, AND CHRISTINE VINEYARD IMPLIED OR ORDERED MENTAL HEALTH AND MEDICAL STAFF TO DENY, AVOID OR OBSTRUCT THE THREE PLAINTIFFS' ACCESS TO ANY EVALUATIONS OR DIAGNOSIS THAT COULD LEED TO WHAT THEY PRECIEVE AS INMATE PREFERENTIAL OR INMATE INFLUENCED TREATMENT AND CONDITIONS.

22) AT PLAINTIFF LEORAND BADENHORST'S MOST RECENT APPOINTMENT, PSYCHIATRIST DR. BEDNARZ STATED SUSINCTLY TO LEORAND, HE HAS SPOKEN TO REXFORD DOCTORS AND THE HEALTH CARE ADMINISTRATOR AT CENTRALIA CORR. CENTRE AND THEY WILL NOT ALLOW SCREENING OR DIAGNOSTICS OF QUALIFYING SYMPTOMS OF AUTISM, REPORTED BY LEORAND AND SEVERAL LAY SECURITY STAFF, UNLESS LEORAND COULD NOT SPEAK AT ALL.

23) DUE TO LEORAND'S AUTISM SYMPTOMS AND HIS TRANS-GENDER STATUS HE HAS BEEN SUBJECTED TO REPEATED SEXUAL ENCOUNTERS AGAINST HIS WILL BY INMATE JAMES TAYLOR'S PREDATORY ABILITIES AND MANIPULATIONS OF LEORAND'S AUTISM SYMPTOMS AS WELL AS SEVERAL OTHER PREDATORY INMATES.

24) LEORAND HAS ALSO HAD $175 — MANIPULATED FROM HIS TRUST FUND ACCOUNT THROUGH KNOWN AUTISM SYMPTOMS OF THE NEED TO COLLECT RANDOM OBJECTS (4000 MAGIC THE GATHERING CARDS) BY AN INMATE IN E-3 HU.

25) LEORAND'S TV AND OTHER PROPERTY HAVE BEEN DAMAGED BY STAFF AND THEN SIEZED AS ALTERED DUE TO HIS ANNOYING AUTISM SYMPTOMS THAT MAKE HIM A TARGET OF STAFF AND HIS TRANS GENDER STATUS THAT COMPOUND THIS TARGETING BEHAVIOR.

26) MARK WACHTER AND OTHER INMATES INMATES HAVE REPORTED THESE SEXUAL ENCOUNTERS AND MANIPULATIONS OF LEORAND'S REASON AND SYMPTOMS TO VARIOUS SECURITY STAFF IN POSITIONS TO HELP RELOCATE LEORAND TO A SAFER HU AFTER LEORAND CONFIDED IN THEM AS TO WHAT TO DO. AND ALL STAFF INFORMED REFUSED TO HELP

27) PLAINTIFF MARK WACHTER WAS DIAGNOSED IN 2020 WITH AUTISM BECAUSE OF PROFOUND DIFFICULTIES IN SOCIAL NAVAGATION AND INABILITIES TO RECOGNIZE AND PROCESS NON VERBAL COMMUNICATION, YET MARK SPEAKS WELL.

⑧

28) Marc Wachter was ordered single celled by Wexford and IDOC supervisory mental health staff due to his qualifying autism symptoms and Daniel Monti and Christine Vineyard have no authority to order otherwise.

29) On June 5th 2022 (Annex) Daniel Monti ordered Marc Wachter to be double celled being fully aware of the single cell orders, resulting in Marc Wachter's 9 day hunger strike to keep himself safe.

30) Daniel Monti refused to follow IDOC oversite protocols and never reported Wachter was on a hunger strike to Springfield.

31) Daniel Monti and Christine Vineyard secured cooperation of the health care, mental health and security staff to not negotiate or offer to end this hunger strike because it would consist of single cell accommodations.

32) This hunger strike did incredible, never treated, permanent damage to Marc Wachter's body and mind, was only stopped by Springfield by a coincidental lawyer phone call to Marc where he begged the lawyer to call Springfield and inform them and took months to recover from.

33) Plaintiff Bryan Stewart has an incurable genetic condition of Neurofibromitosis that has progressed on his lower spine enough recently to make necessary daily life activities such as cleaning, bathing, dressing, walking long distances, lifting, getting in/out of bed, working and many others dangerous, extremely painful, and the pain limits his range of movement.

34) Being forced to do these tasks unassisted has led to repeated, reported injuries from falls and sudden or restricted movement causing cuts, abrasions and humiliation.

35) Daniel Monti and Christine Vineyard have ordered medical and security staff not to help or evaluate Stewart with tests or help that could lead to qualifying Stewart for ADA assistive services or preclude preferential treatment.

36) At a recent appointment Stewart requested, numerous times, Dr Arora evaluate Stewart for pain index and range of movement for ADA assistive services and Dr Arora ended the appointment stating "They won't let me do anything".

37) At a more recent appointment with a Nurse Practitioner new to Centralia Corr. Centres Health Care Unit, Stewart again asked for the same evaluations and ADA services and told the Nurse Practitioner Christine Vineyard and Daniel Monti will order you not to treat me if I have to return, upon return for the Nurse Practitioner stated "I don't carry-out bad orders."

38) Upon return for the rescheduled evaluations the Nurse Practitioner refused to evaluate Stewart or prescribe ADA services.

39) A few days later Stewart met with Christine Vineyard personally to discuss upcoming trans gender related medical procedures, Stewart inquired about the medical evaluations and ADA assistive services, Christine Vineyard responded "Dr. Babage reviewed your file and denied you ADA services." Stewart was never physically evaluated or present for this discussion.

40) Stewart's recent and brutal sexual assault by an inmate at Dixon Corr. Centre ND ILL Case # 3:23-cv-50198, has leed to Stewart having PTSD symptoms and increased anxiety about being forced to accept a live-in ADA assistant he does not feel comfortable with due to his size and vulnerability.

41) On recent grievances responses Stewart is told his concerns would not be addressed and only the safety and security of the institution would be considered.

42) Daniel Monti and Christine Vineyard despise the plaintiffs' and their symptoms, request for services, qualifying disabilities, special and rare circumstances and their inclusion in the ADA and RA protected classes of inmates at Centralia Corr. Centre and despise the impediments the plaintiffs' and their protected circumstances impose on the object of this conspiracy to deny any and all inmates any services, programs, activities, mental or medical treatment that they perceive as preferential inmate treatment, even if required by federal law to accommodate and still refuse to do so.

10

43) COUNT 2 IS AGAINST LATOYA HUGHES, AS THE DIRECTOR OF THE AGENCY IDOC IN HER OFFICIAL CAPACITY UNDER 42 USC #12101 AND 29 USC #794 FOR ~~DENIAL OF~~ SUBJECTING ALL THE PLAINTIFFS TO DISCRIMINATION OF A QUALIFYING DISABILITY BY A PUBLIC ENTITY RECIEVING FEDERAL FUNDS, DENYING PLAINTIFFS ACCESS TO SERVICES, PROGRAMS, ACTIVITIES BY A STATE AGENCY RECIEVING FEDERAL FUNDS AND FAILURE TO ACCOMODATE QUALIFYING ADA REASONABLY BECAUSE OF PLAINTIFF DISABILITIES.

44) PLAINTIFFS' MARC WACHTER, LEONARD BADENHORST AND BRYAN STEWART HAVE MADE REPEATED, DOCUMENTED REQUESTS FOR MEDICAL, MENTAL HEALTH AND ADA AND RA SERVICES, PROGRAMS AND ACTIVITIES PROVIDED TO OTHER SIMILARLY SITUATED INMATES IN CENTRALIA CORR. CENTRE CURRENTLY RECIEVING THESE REQUESTED SERVICES, PROGRAMS, AND ACTIVITIES, HOWEVER BEING DENIED FOR DISCRIMINATION CONCERNING THE ELEMENTS OF THE PLAINTIFFS DISABILITIES.

45) THESE SERVICES ARE PROVIDED TO ALL INMATES THROUGHT IDOC NOT JUST CENTRALIA CORR. CENTRE.

46) COUNT 3 IS AGAINST DANIEL MONTI, CHRISTINE VINEYARD AND WEXFORD HEALTH SOURCES FOR MAINTAINING POLICIES AND PRACTICES THAT HAVE INFLICTED CRUEL AND UNUSUAL PUNISHMENT ON ALL THREE PLAINTIFFS' BY ORDERING WEXFORD STAFF TO CARRY OUT THE ORDERS OF DANIEL MONTI AND CHRISTINE VINEYARD NO MATTER WHAT THEIR DUTIES ARE TO PATIENTS OR THE LAW, FOR DENYING PLAINTIFFS NECESSARY MEDICAL TREATMENT FOR AUTISM AND NEUROFIBROMITOSIS AND DENYING EVALUATIONS FOR ADA ASSISTIVE LIVE-IN SERVICES, THE UNNECESSARY AND WANTON INFLICTION OF PAIN AND SUFFERING UNDER 42 USC #1983. AND FOR INJUNCTIVE RELIEF, DANIEL MONTI IN HIS OFFICIAL CAPACITY. (AN 8th AMENDMENT VIOLATION)

47) JULY OF 2020 DR BELL ORDERED MARC WACHTER TO BE EVALUATED BY AUTISM SPECIALIST. FOR NECESSARY EVALUATIONS FOR SPECIFIC SERVICES STAGING AND MANAGEMENT OF AUTISM DIAGNOSIS, IT IS 11-21-24 AND AFTER YEARS OF INFLICTING UNNECESSARY AND WANTON INFLICTION OF PAIN AND SUFFERING DANIEL MONTI, CHRISTINE VINEYARD AND WEXFORD HEALTH SOURCES HAVE YET TO COMPLY WITH DR BELLS ORDERS.

48) APPROX 11-21-23 LEONARD BADENHORST STARTED REQUESTING SCREENING, DIAGNOSTICS, AND TREATMENT FOR, WHAT WAS OBVIOUS TO LAY STAFF AND INMATES ALIKE, AUTISM SYMPTOMS AND SIGNIFICANT DANGERS ASSOCIATED WITH THEM AS SEXUAL ENCOUNTERS AGAINST HIS WILL BY PREDATORS MANIPULATING HIS SYMPTOMS OTHER MANIPULATING TO OBTAIN HIS MONEY AND PROPERTY, ALL ATTEMPTS HAVE BEEN DENIED OR OBSTRUCTED BY DANIEL MONTI CHRISTINE VINEYARD AND WEXFORD HEALTH SOURCES INC.

(11)

causing extreme endangerment and unnecessary and wanton infliction of pain and suffering. These denial are predicated on Wexford and IDOC policy not to treat or diagnos autism in IDOC, as well not to provide medical or mental health diagnosis or treatment that could lead to loss of authority from security due to ADA restrictions or housing assignments, permits, ect....

49) Bryan Stewart started requesting evaluations for, and ADA assistive services for neurofibromytosis, a documented, incurable, genetic condition causing limited and extremely painful movement resulting in falls and reported injuries to his person by attempting to complete necessary daily life activities such as, but not limited to cleaning, lifting, dressing, bathing, walking long distances, working, and getting in and out of bed safely. Daniel Monti, Christine Vineyard have ordered all mental and medical staff not to treat or evaluate Bryan Stewart with evaluations resulting in ADA services that would place restrictions on security staffs abilities such as housing assignments, cellmate assignments or otherwise impeed securities authority, causing unnecessary wanton infliction of pain and suffering, denial of medical treatment and ADA services.

50) Count 4: Plaintiffs' claim the Illinois torts of trespass under assault and battery for torturing plaintiffs' unnecessarily, medical malpractice by Christine Vineyard for ordering subordinate staff to deny necessary treatment to plaintiffs', Daniel Monti's attempts to interfear with medical treatment without authority or a liecence, for failure to carry out their duties to to the plaintiffs' in as far as medical care and fiduciary duties.

## VII      RELIEF REQUESTED

51) Plaintiffs' request all compensatory, nominal, and punitive damages available and deemed appropiate.

52) Plaintiffs' request permant injunctive relief concerning all continuing wrongs and violations, by the court as deemed appriate to maintain plaintiffs' safety and security.

1) Plaintiffs request declaratory judgement under 28 USC #2201 and is filled in separate motion as well.

<u>VIII</u>      JURY DEMAND

53) PLAINTIFFS MARC WACHTER, LEONARD BADENHORST AND BRYAN STEWART ALL DEMAND A TRIAL BY JURY IN THIS CASE.

ALL INFORMATION IN THIS SECOND AMENDED COMPLAINT IS AFFIRMED BY MARC WACHTER, LEONARD BADENHORST AND BRYAN STEWART TO BE TRUE AND ACCURATE TO THE BEST OF THEIR KNOLEDGE AND ABILITIES UNDER PENALTY OF PERJURY.

/s/ *Marc Wachter*
MARC WACHTER

/s/ *[signature]*

MARC WACHTER M12656
CENTRALIA CORR. CENTRE
9330 SHATTUC RD
CENTRALIA, IL 62801

LEONARD BADENHORST
/s/ *[signature]*

BRYAN STEWART

LEONARD BADENHORST M16573
CENTRALIA CORR. CENTRE
9330 SHATTUC RD
CENTRALIA, IL 62801

BRYAN STEWART M48657
CENTRALIA CORR. CENTRE
9330 SHATTUC RD
CENTRALIA, IL 62801

NOV 21ST 2024.